IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLITA THOMAS, as Mother, Next Friend, )
and Special Administrator of NORMAN L. ) JUDGE CASTILLO
SMITH, JR., deceased, )
) MAGISTRATE JUDGE MASON
Plaintiff, )
)
v. ) No. 04C 3563
)
COOK COUNTY SHERIFF, and UNKNOWN )
COOK COUNTY SHERIFF DEPUTIES, ) JURY DEMANDED
)
Defendants. )

## COMPLAINT

NOW COMES the plaintiff, MARLITA THOMAS, as Mother, Next Friend, and Special Administrator of NORMAN L. SMITH, JR., deceased, by her attorneys, ALEXANDER & ASSOCIATES, LTD., and THE LAW OFFICES OF SMITH AND COFFEY, LTD., and complaining of the defendants, COOK COUNTY SHERIFF, and UNKNOWN COOK COUNTY SHERIFF DEPUTIES, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages for depriving plaintiff's deceased, while acting under color of law as Cook County Sheriff Deputies, of rights secured by the Constitution and laws of the United States, including the rights secured by the 8th Amendment to the Constitution, and for related State-law claims, including Wrongful Death.

1

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. sec. 1983, and the Eighth Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

**PARTIES**

3. Plaintiff is a citizen of the United States, who currently resides in Lansing, Illinois.

4. Defendants Unknown Cook County Sheriff Deputies (the "individual defendants") are employed by the Cook County Sheriff, as guards at Cook County Jail, Chicago, Illinois. All the defendant officers are being sued in their individual capacity.

5. Defendant Cook County Sheriff, at all times material to this complaint, was a law enforcement agency under the laws of Cook County and the State of Illinois, and is and was the employer of the police personnel named herein as agents of the Cook County Sheriff. It is sued pursuant to the doctrine of respondeat superior in the related State law claims.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, Cook County, and the Cook County Sheriff's Department, and within the scope of their employment with defendant County.

**FACTS**

7. On Friday, April 23, 2004, Norman L. Smith, Jr., age 32, ("Norman") was sitting on a friend's porch in Chicago, Illinois, committing no crimes and possessing no contraband. Two Chicago Police officers approached him, searched him, found no contraband, then arrested him

2

for possession of a controlled substance.

8. Norman, who was in good health at the time of his arrest, was transported to Cook County Jail.

9. By Monday, April 26, 2004, Norman was feeling quite ill, and he began making requests of various Cook County Sheriff Deputies to be seen by a doctor or to be taken to Cermak Health Center. These unknown defendant deputies refused Norman's repeated requests for medical attention.

10. Norman's condition continued deteriorating each day. He was obviously in serious need of medical attention. He continued making repeated requests of the unknown sheriff deputies each day to be seen by a doctor, pleading with them that felt like he was going to die soon. The defendant deputies continued to deny his requests, and they refused to allow him to make a written request for medical attention.

11. Finally, on Thursday, April 29, 2004, with Norman near death, a sheriff deputy allowed Norman to make a written request for medical attention.

12. No medical attention or treatment was provided to Norman, who was found dead in his cell on Friday, April 30, 2004.

13. Norman died of meningitis, a condition which would have been readily treatable had he been afforded reasonable medical treatment.

14. The failure of the unknown Cook County Sheriff Deputies to provide access to medical care for Norman constituted complete, deliberate, wilful and wanton indifference to Norman's serious medical needs.

15. As a direct and proximate result of the defendants' wilful and wanton indifference

to Norman's serious medical needs, Norman was caused to suffer great pain, mental anguish, and death.

## Count I

### Section 1983 and Eight Amendment Claim

1-15. Paragraphs 1-15 above are re-alleged here as if fully set forth.

16. The actions of the defendant officers, described above, constituted deliberate indifference to Norman's serious medical needs, thus violating the Eighth Amendment to the United States Constitution.

17. As a direct and proximate result of this Constitutional violation, Norman was caused to suffer great pain, mental anguish, and death.

WHEREFORE, plaintiff Marlita Thomas demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00) and further demands judgment against the individual officers, jointly and severally, for punitive damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count II

### Wrongful Death Pursuant State Law Against Officers and County

1-15. Paragraphs 1-15 above are realleged here as if fully set forth.

16. Decedent Norman L. Smith, Jr. at all times relevant to this Complaint exercised due care for his own safety.

17. At the time and place aforesaid, the defendant officers and the Cook County

Sheriff, acting by and through its duly authorized agents and/or employees, owed decedent the duty to refrain from wilful and wanton acts or omissions which could cause suffering or death to the decedent.

18. As detailed above, the defendant officers and the Cook County Sheriff, acting by and through its duly authorized agents, breached this duty by wilfully and wantonly committing one, more, or all of the following acts or omissions:

> (a) Deliberately ignoring the serious medical needs of the decedent;
>
> (b) Refusing to allow the decedent to make a timely written request for medical treatment;
>
> (c) Refusing decedent's verbal requests for medical attention;
>
> (d) Failing to provide timely and/or proper medical treatment for a serious condition of which they were aware;
>
> (e) Otherwise acting wilfully and wantonly toward decedent, in total disregard to his medical needs.

19. As a direct and proximate result of one or more of the foregoing wilful and wanton acts and/or omissions of the individual defendants, the decedent was caused to die on April 30, 2004.

20. The County is sued in this count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Cook County Sheriff, and while acting within the scope of this employment.

21. The decedent left surviving him his three minor children, Da'Quan Magsby, Amber Smith, and Kailah Smith, his mother, Marlita Thomas, and various siblings.

22. By reason of the death of decedent, decedent's children and other relations have been deprived of the support, comfort, protection, and society of the decedent.

WHEREFORE, plaintiff Marlita Thomas demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count III

### Survival Action

1-20. Paragraphs 1-20 above are realleged as if fully stated here.

21. Plaintiff's decedent survived for approximately one week during his sickness, prior to his death.

22. During this period, Norman Smith was conscious, and he suffered great pain and agony prior to his death, proximately caused by the above-stated acts and/or omissions of the defendants.

WHEREFORE, plaintiff Marlita Thomas demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count IV

**Intentional Infliction of Emotional Distress Against County and Officers**

1-20. Paragraphs 1 through 20 are realleged here as if fully set forth herein.

21. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

22. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

23. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and excruciating physical pain.

WHEREFORE, plaintiff Marlita Thomas demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of TWO MILLION DOLLARS ($2,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION

DOLLARS ($2,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

MARLITA THOMAS

By: _____
One of her attorneys

Daniel S. Alexander
DANIEL ALEXANDER & ASSOCIATES, LTD.
33 North LaSalle
Suite 3300
Chicago, Illinois 60602
312-263-8005

Phillip L. Coffey
Christopher R. Smith
LAW OFFICES OF SMITH AND COFFEY, LTD.
119 North Peoria Street, Suite 3A
Chicago, Illinois 60607
312-850-2600

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE CASTILLO

04C 3563

## Civil Cover Sheet

MAGISTRATE JUDGE MASON

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s):** MARLITA THOMAS, as Mother, Next Friend, and Special Administrator of Norman L. Smith, Jr., deceased

**Defendant(s):** COOK COUNTY SHERIFF, and UNKNOWN COOK COUNTY SHERIFF DEPUTIES

County of Residence: Cook County

County of Residence: COOK

Plaintiff's Atty: Daniel S. Alexander
Alexander & Associates, LTD
33 N. LaSalle, Suite 3300,
Chicago, IL 60602
312-263-8005

Defendant's Atty:

**DOCKETED MAY 2 4 2004**

FILED-ED4 04 MAY 21 PM 4:07 CLERK U.S. DISTRICT COURT

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 440 Other Civil Rights

**VI. Cause of Action:** 1983 CIVIL RIGHTS ACTION AGAINST COOK COUNTY SHERIFFS

**VII. Requested in Complaint**
Class Action: No
Dollar Demand: 2,000,000.00
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _[signature]_

Date: 5-21-04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm

5/21/2004

1-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE CASTILLO
MAGISTRATE JUDGE MASON

In the Matter of

MARLITA THOMAS, as Mother, Next Friend, and Administrator of Norman L. Smith, Jr., deceased
vs.
COOK COUNTY SHERIFFS, et al.

Case Number: 04C 3563

FILED-ED4 04 MAY 21 PM 4:07

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

PLAINTIFF

DOCKETED MAY 24 2004

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Daniel S. Alexander | NAME: Christopher R. Smith |
| FIRM: Alexander & Associates, Ltd. | FIRM: The Law Offices of Smith & Coffey, Ltd. |
| STREET ADDRESS: 33 North LaSalle Street., Suite 3300 | STREET ADDRESS: 119 North Peoria Street., Suite 3A |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: Chicago, Illinois 60607 |
| TELEPHONE NUMBER: 312-263-8005 | FAX NUMBER: 312-332-3179 | TELEPHONE NUMBER: 312-263-8005 | FAX NUMBER: 312-263-2704 |
| E-MAIL ADDRESS: DanielSAlexander@hotmail.com | E-MAIL ADDRESS: SmithCoffeyLaw@msn.com |
| IDENTIFICATION NUMBER: 6202318 | IDENTIFICATION NUMBER: 6201953 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Phillip L. Coffey | NAME: |
| FIRM: The Law Offices of Smith & Coffey, Ltd | FIRM: |
| STREET ADDRESS: 119 North Peoria Street., Suite 3A | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60607 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-850-2600 | FAX NUMBER: 312-850-2704 | TELEPHONE NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: SmithCoffeyLaw@msn.com | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6211340 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |