UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLITA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.  04 C 3563 |
| COOK COUNTY SHERIFF, et al., ) | |
| ) | JUDGE CASTILLO |
| Defendants. ) | |

### PLAINTIFF'S FIRST SET OF MOTIONS IN LIMINE

Plaintiff, MARLITA THOMAS, by her attorneys, SMITH, COFFEY & ALEXANDER, respectfully moves this Honorable Court, *in limine*, to bar testimony, argument, and reference to the following issues and topics, and to direct that all attorneys for defendants advise all their witnesses of the Court's Order *in limine*.

The issues and topics are as follows:

1. **Prior arrests, criminal involvement, and convictions of Norman Smith**.

Norman Smith is deceased and therefore will have no opportunity to testify.  Norman Smith had a felony conviction for manufacture and delivery of cannabis, dating to April 19, 1996, and a misdemeanor conviction for possession of a firearm, August 30, 1993, and other arrests. Norman had no convictions which would be provable under Fed.R.Evid. 609, even were he a witness. His prior convictions have no bearing on how he died.  At the time of his death he was a pre-trial detainee facing a drug charge. Neither his current arrest nor prior background have any

1

value or relevance to this case. The alleged criminal conduct would in no way excuse the Defendants from failing to get medical help for a dying man. Any inference to his prior background, and prior incarceration at Cook County Jail, is precisely the type of prejudicial and irrelevant evidence forbidden by Rule 404. The jury should be informed only that Norman Smith was a pretrial detainee charged with a non-violent crime, who had pled not guilty and was presumed innocent.

2. **Any reference to drug use by Norman Smith (DOB 11-11- 1971) and the Medical Records of a Norman Smith (DOB 4-10-57)**

No illegal drugs were found in the body of Norman Smith by the medical examiner. There has been some testimony by family members and some reference in records to Norman Smith having experimented with marijuana. Defendants' experts and attorneys have alluded to a history of drug use by Norman Smith based on the Cermack Medical records of a different Norman Smith (DOB 4-10-57) who used heroin. However this was a record that the defendants inadvertently produced of a different Norman Smith. Any reference to use of heroin as to the Norman Smith at issue would be unsupported and highly prejudicial. A conviction for PCS was not evidence of use. Further, testimony of any drug use, including marijuana, is completely irrelevant to any issue in this case and should be excluded pursuant to Rules 401, 402, and 403.

3. **References to criminal arrests, convictions, of any of plaintiff's witnesses**.

Some of plaintiff's witnesses have some criminal background. Plaintiff does not believe that there are any criminal convictions which would be properly admitted under Rule 609. Plaintiff has, in his formal written discovery, requested that defendant pull rap sheets for all of his witnesses, and turn them over to plaintiff, but nothing has been produced pursuant to this request.

Accordingly, plaintiff requests that this Court bar any reference to any arrests or convictions of his witnesses.

4. **All opinion and hearsay testimony by Charles Fasano of the John Howard Association.** The defendant Sheriff has listed Charles Fasano as a witness, and stated on the record that he would use Mr. Fasano as an opinion witness. Charles Fasano is the court-appointed CCJ monitor of the John Howard association. He has no actual knowledge of the events that led up to Norman Smith's death in Cook County Jail. Charles Fasano was not disclosed as either a retained or non-retained expert. Accordingly, Mr. Fasano should be barred from opining in this case, and should be barred from testifying as to any hearsay, and improperly bolstering Sheriff Sheehan with testimony of awards and honors received by Sheriff Sheehan.

5. **Any testimony by Dr. Vescio not supported by science and the facts of this case.**

The transcript of defense expert Dr. Vescio was only recently received. Plaintiff intends to supplement this motion with detailed references to Dr. Vescio's deposition testimony, and case law, to prevent the jury from hearing testimony not grounded in science and fact.

6. **All opinion testimony by Dr. John Raba.** Dr. Raba, who was head of Cermak at the time of the incident, was disclosed by defendants as a non-retained expert in this case. In rendering his opinions in this case, Dr. Raba reviewed the Cermak mortality committee folder, which included the mortality committee minutes. Dr. Raba dep., pp.163-65. Dr. Raba testified that he "must have quickly looked at at least the ER record or at least some of the mortality committee minutes . . ." Id. at 164. Plaintiff then requested a copy of the mortality committee folder reviewed by Dr. Raba in formulating his opinion in this case. Id. at 165. This request was refused on privilege grounds. Id. Particularly in light of all the missing Cermak documents in this

3

case, it is patently unfair that Dr. Raba should get to opine based on records that the other experts and plaintiff have not been allowed to see. Plaintiff asks that Dr. Raba be barred from expressing any opinion testimony.

    7.    **Any attempts to elicit medical diagnosis by paramedics**.

Paramedics responding to the incident should be allowed to testify as to their actions and observations, but should not be allowed to testify about the cause of death of Norman Smith. These opinions would be beyond the competency of these non-doctors and should be barred.

    8.    **Any character or bolstering evidence on behalf of defendant Sheriff, and Correctional Officers.**

Plaintiff does not intend to attack the character of defendant Sheriff and correctional officers based on reputation or unrelated events. Accordingly, defendants should not be allowed to bolster the defendants with testimony of commendations, awards, etc. Such testimony is inadmissible hearsay and improper bolstering, and should be excluded.

    9.    **Any reference to the circumstances under which the attorneys for plaintiff were employed, or the fees or the contingent contract under which the attorney has been retained**. Fed.R.Evid. 401, 402.

    10.    **Any argument in closing to the effect that** (1) the plaintiff has asked for more money than he expects to be awarded; (2) the recovery of plaintiff is not subject to income tax; (3) that defense counsel is shocked by plaintiff's damage request; and (4) that the damage request, or plaintiff's case, would place a burden upon the public as a whole, or increase taxes, or increase the budget deficit for the County of Cook or Sheriff is suffering from financial difficulties, etc. Fed.R.Evid., 401, 402, 403.

11. **Any reference to collateral source payments for medical bills, or reference to whether the medical or funeral bills have been paid**. Fed.R.Evid., 401, 402, 403.

12. **Any reference to medical treatment afforded Tier 1-M inmate George Robotis.** Decedent's tier-mate George Robotis was, according to an oblique reference in the Sheriff's records, afforded medical treatment during the week in question. Plaintiff has requested records relative to this treatment, to determine the nature of the treatment, such as if Mr. Robotis was seen for a pre-arranged appointment. Defendants have not produced any such records. Accordingly, defendants should be precluded from referring to the medical treatment afforded Mr. Robotis, such as arguments that "why would we give Robotis treatment and not Smith?"

13. **Any reference to the fact that this motion was filed or allowed.**

WHEREFORE, plaintiff respectfully moves this Honorable Court, *in limine*, to bar testimony, argument, and reference to the foregoing issues and topics, and to direct all attorneys for defendants advise all their witnesses of the Court's Order *in limine*.

    Respectfully submitted,

    MARLITA THOMAS

    ____s/ Jared S. Kosoglad__
    By One of Her Attorneys

Jared S. Kosoglad
Daniel S. Alexander
Christopher R. Smith
119 North Peoria Street, Suite 3A
Chicago, Illinois 60607
312-850-2600

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 29, 2006, he served the foregoing Plaintiff's First Set Of Motions In Limine to:

Dana Kurtz
Kurtz Law Offices
414 South State Street
Lockport, IL 60441
Fax: 312-893-2239

| | |
|---|---|
| ASA Andrew Creighton | Daniel Gallagher, Terrence Guolee, Larry Kowalczyk |
| 301 Richard J. Daley Center | Querey & Harrow, Ltd. |
| Chicago, IL 60602 | 175 West Jackson, Suite 1600 |
| Fax: 312-603-3600 | Chicago, IL 60604 |
| | Fax: 312-540-0578 |

by electronic means.

                                                                                                                               _____ s/ Jared S. Kosoglad_____
                                                                                                                                    Jared S. Kosoglad

Jared S. Kosoglad
Christopher R. Smith
Daniel S. Alexander
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-850-2600